I concur with the main opinion in all respects except as follows:
The main opinion takes the position that Prewett's brief on appeal does not include an argument that Prewett was entitled to a credit for temporary partial-disability benefits it paid to Brown before she reached maximum medical improvement ("MMI"). In that brief, however, Prewett frames the issue at hand as "[w]hether V.I. Prewett Son, Inc. should be given credit for or reimbursed for temporary partial disability benefits paid to the plaintiff prior to trial if the trial court's finding of permanent partial disability is permitted to stand." (Emphasis added.) Thereafter, Prewett subtitles a portion of the argument section of its brief as follows: "Prewett is entitled to a credit for temporary partial disability paid prior to trial." (Emphasis added.) In the body of its argument, Prewett states that "the issue before this court is whether Prewett should be credited for the amount of temporary partial disability benefits Prewett paid Brown." Among other things, Prewett's argument includes a citation to Hedgemon v. United Parcel Service, Inc.,832 So.2d 656 (Ala.Civ.App. 2002), for the proposition that "a court must credit the employer for all voluntary payments madein advance of the judgment." (Emphasis added.) Although near the end of its argument Prewett also states that, if this court renders a judgment in favor of Brown, the law requires this court to credit Prewett for "at least" the amount of temporary partial-disability benefits paid to Brown since Brown reached MMI, on balance, I believe Prewett's brief to this court fairly raises the issue whether Prewett should receive a credit forall temporary partial-disability benefits it paid to Brown before the judgment.
The main opinion also asserts that Prewett presented no evidence to the trial court in support of a claim for a credit for temporary partial-disability benefits paid to Brown before she reached MMI. The essential evidence introduced by Prewett in this regard is simply the undisputed evidence that Prewett in fact paid such benefits *Page 573 
to Brown. The issue of Prewett's right to a credit for temporary benefit payments, whether made before or after Brown reached MMI, then becomes a question of law.
The same authority and reasoning relied upon in the main opinion to instruct the trial court on remand to provide Prewett with a credit for all temporary partial-disability benefits it paid to Brown after she reached MMI also supports the conclusion that Prewett should receive a credit for all temporary partial-disability benefits it paid to Brown before she reached MMI. I would instruct the trial court accordingly.